UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY JEROME CROSBY,<br><br>Plaintiff,<br><br>v.<br><br>R. VALENCIA, et al.,<br><br>Defendants. | No. 2:18-cv-1848 JAM CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The court has conducted the required screening and finds that plaintiff may proceed on the following claims:

1. Claim arising under the Eighth Amendment against defendants Nunez and Aguilar for denial of access to medical care with respect to plaintiff's mental health concerns; and

2. Claim arising under the Eighth Amendment against defendants Valencia and Nava for failure to protect plaintiff from a substantial risk of serious physical harm by housing plaintiff in an area where he would have to climb stairs.

At this point, plaintiff has two options: 1) he may proceed on the Eighth Amendment claims described above; or 2) attempt to cure the deficiencies with respect to some or all of his other claims in amended complaint. If plaintiff elects to amend, plaintiff is informed that the cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In deciding whether to file an amended complaint, plaintiff should consider the following:

1. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). A violation occurs if an injury results from a prison official's deliberate indifference to "a sufficiently substantial risk of serious damage to [the prisoner's] future health." Id. at 834 (internal quotation omitted).

3. Placement in segregated housing does not rise to the level of a violation of federal law unless it "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Within twenty-one days plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the following claims:

> 1. Claim arising under the Eighth Amendment against defendants Nunez and Aguilar for denial of access to medical care with respect to plaintiff's mental health concerns;
>
> 2. Claim arising under the Eighth Amendment against defendants Valencia and Nava for failure to protect plaintiff from a substantial risk of serious physical harm by housing plaintiff in an area where he would have to climb stairs;

or whether he wishes to file an amended complaint in an attempt to cure the deficiencies in his complaint. Failure to complete and return the attached form will result in a recommendation that this action be dismissed.

Dated: January 4, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cros1848.op

4

\

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY JEROME CROSBY,<br><br>Plaintiff,<br><br>v.<br><br>R. VALENCIA, et al.,<br><br>Defendants. | No. 2:18-cv-1848 JAM CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the following claims:

    1. Claim arising under the Eighth Amendment against defendants Nunez and Aguilar for denial of access to medical care with respect to plaintiff's mental health concerns;

    2. Claim arising under the Eighth Amendment against defendants Valencia and Nava for failure to protect plaintiff from a substantial risk of serious physical harm by housing plaintiff in an area where he would have to climb stairs.

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                    _____
                                                    Plaintiff